IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAYNE ORBER and MARC ORBER, wife and husband, individually,<br><br>Plaintiffs,<br><br>v.<br><br>RAJESH K. JAIN, M.D., RECONSTRUCTIVE ORTHOPEDICS, PA, VIRTUA MEMORIAL HOSPITAL BURLINGTON COUNTY, INC., DOCTOR JOHN DOE (1-6) (common names being fictitious and unknown medical professionals who rendered medical care to plaintiff Jayne Orber),<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Jayne and Marc Orber, wife and husband, individually, residing in the Township of Bensalem, Commonwealth of Pennsylvania, by way of Complaint against defendants say:

**THE PARTIES**

1. Defendant Rajesh K. Jain, M.D. (hereinafter "Jain") at all times mentioned, was a physician and orthopedic surgeon engaged in the practice of medicine in the State of New Jersey, being licensed under the laws of New Jersey, whose primary office is located at Tower Medical Building, 737 Main Street, Suite #6, Lumberton, New Jersey 08048-3089.

2. Defendant Reconstructive Orthopedics, PA (hereinafter "Reconstructive Ortho") is a corporation under which defendant Jain practices medicine in the County of Burlington, State of New Jersey with a primary office located at Tower Medical Building, 737 Main Street, Suite #6, Lumberton, New Jersey 08048-3089.

3. Defendant Virtua-Memorial Hospital Burlington County, Inc. (hereinafter "Virtua") is a nonprofit corporation doing business as a hospital providing healthcare services to residents throughout Burlington County, including plaintiff, located at 175 Madison Avenue in Mt. Holly, New Jersey 08060.

4. Defendants John Doe (1-6) are fictitious persons engage either in the practice of medicine or nursing in the State of New Jersey who are unknown at this time.

5. At all times material hereto, all acts hereunder stated were committed by the defendants, their servants, agents or employees, acting within the scope of their employment.

### VENUE

6. Venue is proper in Camden vicinage of the United States District Court for the District of New Jersey in that the medical malpractice occurred and that the defendants' medical office and medical practice is located in the Township of Mt. Holly, County of Burlington, State of New Jersey.

### JURISDICTION

7. Jurisdiction exists in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy in this matter exceeds the sum of $75,000 and the plaintiffs and the defendants reside in different states.

### FACTS GIVING RISE TO THIS ACTION

8. Sometime in February or March of 2009, plaintiff Jayne Orber was watching a television commercial at her home in the Commonwealth of Pennsylvania which the said commercial was promoting the orthopedic services of Virtua.

9. The advertisement went on to state that Virtua had the ability to provide minimal invasive knee and joint surgery as a result of a new technology that had been developed by the top doctors at defendant Virtua.

10. Plaintiff Jayne Orber has had a history of issues with both of her knees.

11. After seeing the Virtua commercial, Jayne Orber conversed with her husband and decided that she would like to explore getting surgery since she was having some pain in both knees.

12. After seeing the Virtua commercial, Jayne Orber contacted defendant Virtua. Virtua put plaintiff in contact with orthopedic surgeon Dr. Schoifet. However, Dr. Schoifet's staff indicated that Dr. Schoifet was extremely busy and would not have an appointment for several months. In response, plaintiff was offered to see defendant Jain of defendant Reconstructive Ortho for a consultation on both of her knees.

13. Plaintiff made an appointment for her and her husband to meet with defendant Jain in April of 2009. After being evaluated by defendant Jain, he indicated that knee replacement surgery was needed for both knees and scheduled plaintiff's left knee to be operated on June 2, 2009 and her right knee to be operated on June 16, 2009.

14. Defendant Jain indicated that the surgery was considered to be minimal invasive surgery and would take between one and a half to two hours to complete.

15. Defendant Jain stated that there would be approximately a six (6) inch scar from the top of the knee subsequent to surgery.

16. Defendant Jain was confident of his success in that he scheduled the second surgery for the right knee June 16, 2009 before undergoing the first surgery scheduled on the left knee for June 2, 2009

17. On or about June 2, 2009, plaintiffs, along with their daughter Melissa, went to defendant Virtua at approximately 5:30 in the morning for the scheduled left knee replacement surgery.

18. The surgery was scheduled to begin at 8:00 a.m. and plaintiff was told that it would take approximately one and a half to two hours.

19. At approximately 12:00 p.m. on June 2, 2009, while Jayne Orber was being operated on by defendant Jain, plaintiff Marc Orber and daughter, Melissa, began to get nervous because four (4) hours had transpired and the surgery was yet to be completed.

20. After inquiring with the hospital staff as to the status of the surgery, defendant Jain eventually came out to talk to plaintiff Marc Orber and his daughter, Melissa, at approximately 1:30 in the afternoon.

21. During that meeting, defendant Jain indicated that there was a complication during plaintiff's surgery.

22. He indicated that he accidently "cut" one of Jayne Orber's veins in her left leg. It was later discovered that the vein that he was referring to was actually the popliteal artery which is the main artery responsible for providing blood flow to the entire lower extremity of the left leg.

23. Defendant Jain indicated that Mrs. Orber was severely bleeding and had lost a significant amount of blood.

24. Defendant Jain stated, "Thank God there was a vascular surgeon on call today" to be able to perform emergency surgery in an attempt to repair plaintiff's popliteal artery.

25. Defendant Jain returned to the operating room to accompany the vascular surgeon for the surgical repair of plaintiff's popliteal artery.

26. The vascular surgery lasted another 4-5 hours and plaintiff was finally removed from the operating room at approximately 6:30 in the evening.

27. What was initially believed to be an hour and a half to two hour operation resulted in a ten hour operation.

28. Defendant Jain's severing of the popliteal artery during plaintiff Jayne Orber's left knee replacement surgery was a deviation from the appropriate standards of care and constituted negligence and should not have occurred if proper care and skill were being provided by defendant Jain.

### COUNT I

### Medical Malpractice of Rajesh K. Jain, M.D.

29. The allegations in this Complaint are repeated and realleged as though fully set forth at length herein.

30. Defendant Jain, in his treatment, diagnosis and supervision of plaintiff Jayne Orber did personally and by and through his agents, extensible agents, servants and/or employees negligently, and with regard to the existing state of knowledge of medicine, orthopedic surgery, breached his duty and failed to exercise ordinary care, and otherwise failed to exercise a degree of care commonly exercised by other orthopedic surgeons and/or physicians in the like cases, failed to properly diagnose the actual condition of plaintiff, failed to properly interpret and evaluate the diagnostic test results in the clinical examination of plaintiff during plaintiff's treatment by defendant at the hospital, failed to adequately perform and treat plaintiff for plaintiff's left knee replacement surgery.

31. As a direct and proximate cause of the carelessness, recklessness and negligence of defendant Jain as described herein, plaintiff Jayne Orber, has suffered and will, in the future,

continue to suffer, severe mental and permanent physical injuries, significant loss, function and use of various body systems, including her left leg, and/or parts and/or limbs which resulted in permanent impairment. Plaintiff has incurred, and will in the future incur, medical expenses for the treatment of said injuries and further, plaintiff has suffered and will in the future continue to suffer, great pain and anguish and has lost and will in the future on a permanent basis, will continue to lose time from her usual duties, occupations and pursuits, resulting in substantial loss of income and enjoyment of life.

WHEREFORE, plaintiffs Jayne Orber and Marc Orber demand judgment on this Count against defendant Rajesh K. Jain, M.D. (defendant Jain) and other defendants named in the Complaint herein, jointly, severally and/or in the alternative for damages, together with interest, costs of suit and attorney fees permitted by law.

## COUNT II

### Respondent Superior of Reconstructive Orthopedics, P.A. and Virtua Memorial Hospital Burlington County, Inc.

32. The allegations in this Complaint are repeated and realleged as though fully set forth at length herein.

33. Throughout the course of plaintiff's knee replacement surgery, plaintiff treated with the private entity defendants Reconstructive Ortho and with Virtua.

34. Plaintiff sought treatment with defendants Reconstructive Ortho and Virtua and came under the care of Dr. Jain as well as other agents, extensible agents, and employees for treatment, examination, pre-operative, operative and post-operative care and supervision by and thorough its agents, extensible agents, servants and/or employees, defendants Reconstructive Ortho and Virtua negligently, with regard to the existing state of knowledge of medicine and nursing, failed to exercise ordinary care, and otherwise failed to exercise the degree of care

commonly exercised by other orthopedic surgeons and/or physicians in the like cases, failed to properly diagnose the actual condition of plaintiff, failed to properly interpret and evaluate the diagnostic test results in the clinical examination of plaintiff during plaintiff's reconstructive knee surgery and failed to perform proper treatment and care of plaintiff's aforesaid condition.

35. By and through the treatment and actions of defendant Jain and other agents, extensible agents, employees and/or servants of defendants Reconstructive Ortho and Virtua, and as a direct and proximate cause of the carelessness, recklessness and negligence of defendant Jain and other agents, servants and employees of defendants Reconstructive Ortho and Virtua, plaintiff has suffered and will, in the future, continue to suffer, severe mental and permanent physical injuries, significant loss, function and use of various body systems and parts and/or limbs, including her left leg, which resulted in permanent impairment, has incurred and will in the future incur, medical expenses for the treatment of said injuries the nature of the injuries being permanent and further, said plaintiff has suffered and will in the future continue to suffer, great pain and anguish, has lost and will in the future on a permanent basis, will continue to lose time from her usual duties, occupations and pursuits, resulting in substantial loss of income and enjoyment of life.

WHEREFORE, plaintiffs Jayne Orber and Marc Orber demand judgment on this Count against defendants Reconstructive Orthopedics, P.A. and Virtua Memorial Hospital Burlington County, Inc., jointly, severally and/or in the alternative for damages, together with interest, costs of suit and attorney fees permitted by law.

## COUNT III

### Medical Malpractice of John Doe (1-6)

36. The allegations in this Complaint are repeated and realleged as though fully set forth at length herein.

37. At all times mentioned herein, John Doe (1-6) are fictitious persons, engaged in the practice of medicine and/or nursing in accordance with the laws of the State of New Jersey whose names at this time are unknown.

38. At all times mentioned herein and thereafter, the defendants John Doe (1-6) were engaged in the practice of their medical profession in the State of New Jersey.

39. At all times mentioned herein and thereafter, the defendants John Doe (1-6) professed and held themselves out to the public and to the plaintiff as being skilled, careful and diligent in the practice of their profession.

40. On or about June 2, 2007, defendant John Doe (1-6) and/or any other doctors or medical providers previously mentioned in the Complaint herein, treated and examined plaintiff.

41. On said date, defendants John Doe (1-6) all whose identities are not yet know, provided medical care to the plaintiff which resulted in severe injuries.

42. The aforesaid medical professionals whose identities are not yet known, who participated in the care and treatment of plaintiff were negligent in their treatment, pre-operative, operative and post-operative care and supervision did personally and by and through their agents, extensible agents, servants and/or employees negligently with regard to the existing state of knowledge of medicine and surgery, failed to exercise ordinary care and otherwise failed to exercise the degree of care commonly exercised by other medical professionals in the like cases, failed to properly diagnose the actual condition of plaintiff, failed to properly interpret and

evaluate the diagnostic test results and clinical examination of plaintiff during the knee replacement surgery of her left knee and failed to perform various other proper treatments of plaintiff's aforesaid condition.

43. As a direct and proximate cause of the carelessness, recklessness and negligence of defendants John Doe (1-6), plaintiff has suffered and will in the future continue to suffer severe mental and permanent physical injuries, significant loss of use and function of various systems and parts and/or limbs, including the use of her left leg, which has resulted in permanent impairment, has incurred and will in the future continue to incur, medical expenses for treatment of said injuries, and further, said plaintiff has suffered and will in the future continue to suffer great pain and anguish and has lost and will in the future continue to lose time from her usual duties, occupations and pursuits resulting in substantial loss of income and enjoyment of life.

WHEREFORE, plaintiffs Jayne Orber and Marc Orber demand judgment on this Count against defendant John Doe (1-6) and other defendants named in the Complaint herein, jointly, severally and/or in the alternative for damages, together with interest, costs of suit and attorney fees permitted by law.

## COUNT IV

### Violations of the New Jersey Consumer Fraud Act Against Defendant Virtua, Defendant Reconstructive Ortho and Defendant Rajesh K. Jain, M.D.

44. The allegations in this Complaint are repeated and realleged as though fully set forth at length herein.

45. By reasons of statements constituting material misrepresentations of fact and omissions of material fact through the advertising of minimally invasive surgery at Virtua Memorial Hospital for knee and joint replacement as described, inter alia, defendant Virtua and

Reconstructive Ortho's conduct was in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

46. As described herein, plaintiff Jayne Orber was induced and relied upon statements contained in a television commercial which was viewed in February or March of 2009 wherein defendants Virtua, Reconstructive Ortho and Jain promised minimal invasive surgery for knee and joint replacement.

47. After seeing and relying on the advertisement commercial, plaintiff Jayne Orber contacted defendant Virtua for a consultation to get knee replacement surgery.

48. After contacting defendant Virtua, defendant Virtua placed plaintiff Orber in contact with defendant Reconstructive Ortho which led to the negligent events described herein.

49. The statements set forth in defendants Virtua, Reconstructive Ortho and Jain's television commercial that Jayne Orber's surgery would be minimally invasive was false, misleading and untrue.

50. Said promises and representations in the said television commercial constitute violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. which have cause substantial harm and ascertainable loss to the plaintiff.

WHEREFORE, plaintiffs Jayne Orber and Marc Orber demand judgment against defendants Virtua Memorial Hospital Burlington County, Inc., Reconstructive Orthopedics, PA and Rajesh K. Jain, M.D. for compensatory damages, treble damages, reasonable attorney fees and costs as permitted by law.

## COUNT V

### Loss of Consortium

51. The allegations in this Complaint are repeated and realleged as though fully set forth at length herein.

52. Marc Orber was and continues to be the husband of plaintiff Jayne Orber and as such is entitled to her services and consortium.

53. As a result of the negligence and wrongdoing of the aforesaid defendants, plaintiff Marc Orber has been deprived of, and will in the future, continue to be deprived of, the services, companionship and consortium of his wife, Jayne Orber.

WHEREFORE, plaintiff Marc Orber demand judgment against all defendants, here and before named in the present Complaint, jointly, severally and in the alternative, under this Count for damages, together with interest, costs of suit and attorney fees as permitted by law.

SHABEL & DeNITTIS, P.C.
Attorneys for Plaintiffs

BY: _____
STEPHEN P. DeNITTIS

Dated: 4/1/10

# Exhibit A

Law Offices of
**SHABEL & DeNITTIS, P.C.**
5 Greentree Centre, Suite 302
Route 73 South & Lincoln Drive
Marlton, New Jersey 08053
(856) 797-9951
**Attorneys for Plaintiffs**

| | |
|---|---|
| JAYNE ORBER and MARC ORBER, husband and wife, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>RAJESH K. JAIN, M.D., RECONSTRUCTIVE ORTHOPEDICS, P.A., VIRTUA-MEMORIAL HOSPITAL BURLINGTON COUNTY, INC., DR. JANE DOE (1-6), NURSE JILL ROE (1-6) and ABC HEALTH CARE FACILITY (names being fictitious and unknown but described as physicians, nurses and heath care facilities who rendered medical care to Jayne Orber),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>LAW DIVISION<br>DOCKET NO.<br><br>Civil Action<br><br>**AFFIDAVIT OF MERIT PER N.J.S.A. 2A:53A-27 & 41** |

Hervey S. Sicherman, M.D., F.A.C.S. upon my oath, deposes and says:

1. I am a licensed physician in the States of New Jersey, New York and California and have been board certified in orthopedic surgery for more than five years.

2. I have no financial interest in the outcome of the within case which I have reviewed.

3. During the year prior to June 2, 2009, the date of Jayne Orber's knee replacement surgery, up to the present time, I am still active in the clinical practice of Orthopedic Surgery and still performing knee replacement surgeries.

4.  Based upon the records I have reviewed and my physical evaluation of Jayne Orber, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Jayne Orber by Rajesh K. Jain, M.D., agents, servants and employees of Reconstructive Orthopedics, P.A. and agents, servants and employees of Virtua Memorial Hospital Burlington County, Inc. fell outside of professional treatment standards.

Dated: 3/22/2010

Hervey S. Sicherman, M.D., F.A.C.S.

STATE OF New Jersey, COUNTY OF Bergen SS:

I CERTIFY that on March 22, 2010, ~~2010~~, Hervey S. Sicherman, M.D., F.A.C.S. personally came before me and acknowledged under oath, to my satisfaction, that he:

(a) is named in and personally signed this document; and
(b) signed, sealed and delivered this document as his act and deed

BARBARA S. WALTHER
A Notary Public of New Jersey
My Commission Expires MARCH 5, 2011