[Docket Nos. 34, 35, 36, 37, and 39]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| JAYNE ORBER and MARC ORBER, husband and wife, individually, Plaintiffs, v. RAJESH K. JAIN, M.D., RECONSTRUCTIVE ORTHOPEDICS, P.A., Defendants. | Civil No. 10-1674 (RMB/JS) **OPINION AND ORDER** |

Plaintiffs have made five motions *in limine* to preclude the introduction of certain evidence. They are:

(1) to bar Defendants' expert Dr. Michael Sananman from certain conclusions and opinions;

(2) to strike portions of defense expert Dr. Austin's report and to exclude Dr. Austin from referencing Plaintiff's re-scheduling or cancelling post-operative appointments;

(3) to exclude evidence that Plaintiff missed physical therapy sessions;

(4) to exclude the August 6, 2010 letter of Dr. Deshpande and certain other related evidence; and

(5) to strike certain conclusions and testimony of Defendants' expert Dr. Michael Dougherty.

For the reasons that follow, those motions are:

(1) denied;

1

  (2) granted without prejudice;

  (3) denied.

  (4) granted, without prejudice.

  (5) granted, in part, without prejudice.

I. <u>Background</u>

  Plaintiffs Jayne and Marc Orber allege that Plaintiff Jayne Orber ("Mrs. Orber") was damaged as the result of the medical negligence of Defendant Dr. Rajesh K. Jain.  They have moved to exclude the Defendants, Dr. Jain, and the practice out of which he operates, Reconstructive Orthopedics, P.A., from introducing certain evidence at trial.  That evidence largely revolves around claims by the Defendants that Mrs. Orber failed to attend physical therapy sessions as instructed and canceled certain post-operative doctor's appointments.

II. <u>Standard</u>

  Plaintiffs' motions implicate two evidentiary issues. First, they implicate the standard admissibility question of whether the proffered evidence is more probative than it is prejudicial.  If it is not, the Court must exclude it under Rule 403 of the Federal Rules of Evidence.  Federal Rule of Evidence 403.  Second, they implicate the standard for the admissibility of expert testimony under Federal Rule of Evidence 702.  It provides that:

  If scientific, technical, or other specialized knowledge
  will assist the trier of fact to understand the evidence or

>to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3)the witness has applied the principles and methods reliably to the facts of the case.

Federal Rule of Evidence 702.

In order for an expert's opinion to be reliable, the expert must have "good grounds" for his or her belief. The opinion, to be reliable, must be based on the "methods and procedures of science" and not merely on "subjective belief or unsupported speculation." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (3d Cir. 1994)(quotation and citation omitted). In the specific context of medical negligence, a medical doctor's expert opinion must be stated with reasonable medical certainty. Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir. 2006).

III. Analysis

The Court addresses each of Plaintiffs' five motions in turn.

>A.  Plaintiffs' Motion To Bar Defendants' Expert Dr. Michael Sananman From Certain Conclusions And Opinions

Plaintiffs object to the portion of Dr. Sananman's opinion in which he opines that Plaintiff's failure to pursue physical therapy was responsible for Plaintiff's current physical limitations. Plaintiff makes two principal objections to this testimony.

Plaintiffs' first objection to this proposed testimony is

3

that Dr. Sananman, as a neurologist, is not qualified to offer expert opinion on how much physical therapy Mrs. Orber should have had or that she Plaintiff did not have sufficient physical therapy.  However, on the former point, Dr. Sananman does not purport to opine as to a specific amount of physical therapy Mrs. Orber should have had.  Dr. Sananman himself acknowledged that that type of opinion was more appropriately the province of orthopedic or vascular surgeons.  On the latter, Dr. Sananman's opinion was that: (1) based on his review of the medical evidence and his own examination, and utilizing his neurological expertise, an expertise Plaintiffs do not challenge, nerve damage was not responsible for Mrs. Orber's physical limitations; (2) that these could be addressed by physical therapy; (3) it was Dr. Sananman's understanding that Mrs. Orber had not attended the prescribed physical therapy sessions; and (4) that failure was therefore the cause of Mrs. Orber's physical limitations.  This type of opinion is within the expertise of a neurologist.  Dr. Sananman's lack of specialized background in rehabilitative medicine goes to the weight of his testimony, not its admissibility, and may be attacked through vigorous cross-examination and presentation of contrary evidence. <u>United States v. Lee</u>, 339 F. App'x 153, 160 (3d Cir. 2009).

    Plaintiffs' second objection is to the reliability of Dr. Sananman's process in coming to his conclusion.  However, Dr.

4

Sananman listed in detail the information and methodology he utilized to come to his conclusions. Dr. Sananman reviewed extensive medical records, relevant depositions of fact and expert witnesses in this case, and other pertinent records. He also conducted his own examination of Mrs. Orber. Dr. Sananman's expert reports recounted the facts from all of these sources and explained how they formed the basis for his conclusion. In essence, Dr. Sananman found that much of Mrs. Orber's limitations were inconsistent with his neurological findings, but would be consistent with a failure to seek appropriate physical therapy. Dr. Sananman. This opinion was reliably grounded in the detailed recitation of the facts Dr. Sananman reviewed in making it. Again, any limitations in this testimony can be appropriately brought out by cross-examination and presentation of contrary evidence. Id. Accordingly, Plaintiffs' motion to exclude this testimony is DENIED.

    B.    Plaintiffs' Motion To Strike Portions Of Defense Expert Dr. Austin's Report And To Exclude Dr. Austin From Referencing Plaintiff's Re-scheduling Or Cancelling Post-operative Appointments With Dr. Jain And His Office

Plaintiffs assert that these missed appointments are irrelevant and unduly prejudicial as it would paint Mrs. Orber as an uncooperative or bad patient. Defendants argue that this evidence is relevant to illustrate Defendants' appropriate care of Mrs. Orber following her surgery. Defendants' post-operative

treatment of Mrs. Orber, however, is not at issue in this case and Plaintiffs have proffered that they will not present evidence as to this issue.[1]  Therefore, it is irrelevant.  The Court therefore GRANTS this motion, without prejudice.  If Plaintiffs present evidence regarding the post-operative care of Defendants, the Court may revisit this issue at that time.

>   C.  Plaintiffs' Motion To Exclude Evidence That Plaintiff Missed Physical Therapy Sessions

Plaintiff contends that this evidence should be excluded on two grounds.  First, while Plaintiffs do not dispute the potential relevancy of such evidence (See D'Aries v. Schell, 274 N.J.Super. 349, 362 (N.J.App.Div. 1994)(holding that the patient's post-treatment negligence is relevant to the issue of damages)), they argue that Defendants have not offered appropriate expert evidence linking the evidence to Mrs. Orber's present condition.  As discussed above, however, Defendants have done so in the form of Dr. Sananman's testimony.  In addition, Plaintiff's own neurology expert, Dr. Edgar Kenton, and orthopedics expert, Dr. Harvey S. Sicherman, testified at deposition and at trial respectively that physical therapy could play a role in Mrs. Orber's recovery.  And, in any event, even without expert testimony, it would properly be within the

---

[1] Defendants have not argued that Plaintiff's failure to keep her office appointments (unlike her failure to attend physical therapy sessions) contributed to her damages.

province of the jury to assess whether the failure to attend physical therapy sessions, given that it was prescribed, could have mitigated her injuries.

Second, Plaintiffs argue that this evidence is more prejudicial, as it could portray Mrs. Orber as a "bad patient," than probative and should therefore be excluded on this basis. This Court disagrees.  The proffered testimony would not impose unfair prejudice.  It is not characterized by unnecessarily prejudicial invective or ad hominem attack as to whether Mrs. Orber was a bad patient.  Rather, it is simply that Mrs. Orber did not pursue physical therapy as instructed and that failure contributed to her present condition.  The evidence is highly relevant to Plaintiff's mitigation of damages.  Therefore, the testimony is more probative than prejudicial.  Plaintiffs' motion to exclude this evidence is DENIED.

> D. Plaintiffs' Motion To Exclude The August 6, 2010 Letter Of Dr. Deshpande And Certain Other Related Evidence

Defendants concede that this evidence is not relevant at this time.  The Court therefore will GRANT this motion without prejudice.  The Court may revisit this issue if this evidence becomes relevant.

> E. Plaintiffs' Motion To Strike Certain Conclusions And Testimony Of Defendants' Expert Dr. Michael Dougherty

Plaintiffs submit that Dr. Dougherty should be excluded from testifying that Mrs. Orber's failure to attend physical therapy

7

sessions contributed to her present condition because he could not give this opinion with the reasonable medical certainty required.  This Court agrees.  Dr. Dougherty testified that it was "not clear" in this case that this failure contributed to Mrs. Orber's condition and that he could not say that it did with "medical certainty."  As such, Plaintiffs' motion is GRANTED, in part.  Dr. Dougherty may not testify that there is a link between Mrs. Orber's failure to pursue physical therapy is causally related to her present condition.  <u>Ayala</u>, 195 F. App'x at 92 (holding that expert medical opinion must be stated with reasonable medical certainty").  However, Dr. Dougherty may testify on direct that Mrs. Orber's injuries were not a consequence of her vascular surgery, which he testified was "clear" from the evidence.[2]

IV.  <u>Conclusion</u>

For all these reasons, Plaintiffs' motions *in limine* are granted and denied as described above.

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE

Dated: April 30, 2012

---

[2] In the event Plaintiff opens the door on cross-examination, the Court may permit Dr. Dougherty to testify as to Plaintiff's failure to attend physical therapy sessions.

8