IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JAYNE ORBER and MARC ORBER,
husband and wife, individually,

Plaintiffs,

      v.

RAJESH K. JAIN, M.D.,
RECONSTRUCTIVE ORTHOPEDICS,
P.A.,

Defendants.

Civil No. 10-1674 (RMB/JS)

**OPINION AND ORDER**

      Plaintiffs Jayne and Marc Orber ("Plaintiffs") seek to introduce into evidence Plaintiffs' Exhibit 18.  Defendants Rajesh K. Jain, M.D. ("Jain") and Reconstructive Orthopedics, P.A. ("Defendants") oppose the admission of this exhibit.  For the reasons that follow, the Court denies the admission of the exhibit.

I.    <u>Background</u>

      Plaintiffs allege that Defendant Jain was negligent in performing Plaintiff Jayne Orber's June 2, 2009 knee replacement surgery.  Plaintiffs claim that, as a result of Defendant Jain's negligence, Plaintiff Jayne Orber ("Mrs. Orber") suffered disabling injuries.  In general, Plaintiff alleges she has trouble walking and sitting for long periods of time.  She

1

claims she has numbness in her lower left leg, and she has trouble keeping her balance. As a result, Plaintiff alleges that she is unable to work.

In her case in chief, Mrs. Orber testified that she applied for, and was awarded, disability benefits as of the date of the surgery June 2, 2009 – a fact that Defendants do not dispute. Plaintiffs' damages expert, Andrew Verzilli, also testified that the SSA found Mrs. Orber to be disabled as of June 2, 2009, and awarded her disability benefits from this date.[1]

In addition to this testimony, Plaintiffs sought to introduce into evidence the SSA's disability determination (the "Disability Determination") – Exhibit 18. In the Disability Determination, the SSA found that: (1) Mrs. Orber was disabled; (2) she had been disabled since June 2, 2009 – the date of her surgery; and (3) that disability is the result of arthritis in both knees, as well as "residual effects of failed total left

---

1   The Court issued a limiting instruction with respect to this evidence. The Court charged the jury it could consider, but was not bound by, the SSA's Disability Determination that Mrs. Orber was disabled and could also consider that evidence in determining the extent that disability benefits would offset any lost wages by Mrs. Orber. The Court further instructed the jury that it could not consider any conclusions drawn by the SSA as to the cause of Mrs. Orber's disability. In issuing these instructions, the Court distinguished between the jury's ability to consider the SSA's disability determination and its findings with respect to causation. The Court reasoned that, consistent with precedent cited by Plaintiffs, the former would be relevant and relatively reliable evidence permissible for the jury to consider given that: (1) the central purpose of the Disability Determination is to determine disability; and (2) the SSA has expertise, as experienced evaluators of disability, in determining disability. In contrast, as discussed in more detail below, allowing the jury to consider the latter findings could improperly cause the jury to relinquish its obligation to make an independent determination as to causation and instead rely on unreliable evidence.

knee replacement." The Disability Determination also contains a detailed recounting of Mrs. Orber's subjective complaints and medical history from her medical records and testimony. Defendants objected to the admission of the Disability Determination. The Court reserved its decision.

II.  Analysis

Plaintiffs assert that the Disability Determination is admissible under Federal Rule of Evidence 803(8), which allows for the admission of public records. Plaintiffs cite to several cases in support of the admissibility of the Disability Determination. See Riedl v. General American Life Insurance Co., 248 F.3d 753, 759 (8th Cir. 2001)(although SSA Report not binding, it is admissible to support an ERISA claim for disability benefits); Goodreau v. Hartford Life & Accident Insurance Co., 500 F.Supp.2d 1169, 1173 (W.D.Ark. 2007)(same); Traversa v. Educational Credit Management Corp., No. 06-3109, 2008 WL 4681844, at *4 (Bankr.D.Conn. Sep. 24, 2008)(finding that disability determination from was admissible evidence of plaintiff's disability in bankruptcy proceeding for debtor seeking discharge from debt); Webster v. Oglebay Norton Co., No. 65502, 1995 WL 32628, *5 (Ct.App.Oh. Jan. 26, 1995)(SSA report sought to be introduced by defendant was relevant to show contradictory statements regarding cause of disability); Gilchrist v. Ozone Spring Water Co., 639 So.2d 489, 494-97

3

(La.Ct.App. 1994)(allowing disability determination from <u>prior</u> to the incident at issue as evidence of the plaintiff's pre-incident disability in non-jury case).

At this juncture, however, this Court need not decide whether the Disability Determination falls within Federal Rule Evidence 803(8) because even if it qualifies as a public record under the Rule, the Court finds it should be excluded under Federal Rule of Evidence 403.  The cases cited by Plaintiffs are distinguishable and do not address this issue in this context.  The Disability Determination is cumulative and the probative value, if any, is substantially outweighed by the danger of unfair prejudice to the Defendants.  Federal Rule of Evidence 403.

The Court first assesses the probative value of the Disability Determination.  It is minimal.  Plaintiffs have already introduced evidence that Mrs. Orber was found to be disabled as of June 2, 2009 by the SSA.  Plaintiffs have also already had the opportunity for Mrs. Orber to testify, introduce her medical records, and offer testimony from expert physicians, as well as Mrs. Orber's treating physician.  To the extent the Disability Determination recounts Mrs. Orber's history and subjective complaints and comes to the conclusion that Mrs. Orber is disabled, it is cumulative of the evidence already presented and such evidence is excludable on that basis.

4

Weathersby v. One Source Mfg. Tech., L.L.C., 378 F. App'x 463, 465-66 (5th Cir. 2010)(affirming the exclusion of EEOC letter recounting allegations because, in addition to being highly prejudicial, it would be cumulative of the live testimony); Ballen v. Martin Chevrolet-Buick of Del., No. 94-484, 1997 WL 1045735, at *4 (D.Del. Aug. 7, 1997)(recognizing that evidence is cumulative and need not be admitted where it will be presented through live testimony).

To the extent that the Disability Determination makes findings or suggests, based on the onset date or otherwise, that Mrs. Orber's disability is linked to the knee replacement surgery, that evidence is, in addition to being cumulative of Plaintiffs' expert orthopedic surgeon's testimony, of dubious probative value for two reasons.

First, the lack of a meaningful adversarial process with respect to the cause of Mrs. Orber's alleged disability renders the SSA's conclusions on that issue unreliable. See Ianscoli v. Astrue, No. 10-12000, 2011 WL 4359978, at *2 (E.D.Pa. Aug. 25, 2011)("A hearing on an application for benefits is not adversarial in nature; rather the Social Security Administration assists an applicant in proving his claim."). The SSA does not have an institutional interest in determining the cause of Mrs. Orber's disability. Rather, the SSA's central inquiry is into whether the applicant is disabled as of the alleged onset date.

5

Id. (noting that it is the SSA's duty to investigate whether the claimant is entitled to disability).  And there is no party before the SSA who, like the Defendants, has an interest in that issue.  On the other hand, Plaintiffs had a strong interest, having commenced their civil case on April 1, 2010, and having requested a disability benefits hearing on May 13, 2010, to make a strong case as to causation before the SSA and build a foundation for this proceeding.  Escrow Disbursement Ins. Agency, Inc. v. Am. Title and Ins. Co., Inc., 551 F. Supp. 302, 305 (S.D.Fla. 1982)(excluding report that was the product of a non-adversarial hearing where there was a "strong implication that it was prepared with the pending litigation in mind."). Second, there is no basis to assess the qualifications of the Administrative Law Judge to render an opinion as to causation and thereby assess the opinion's worth.  The Federal Rules of Evidence recognize the questionable value and danger of opinion testimony on scientific subjects, like medical causation, by non-experts by prohibiting the introduction of such testimony. See Federal Rule of Evidence 701(c)(barring lay witnesses from opinion testimony that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702") and Federal Rule of Evidence 702 (allowing for opinion testimony if the witness is qualified as an expert by his "knowledge, skill, experience training, or education" and the witness' expertise

"will help the trier of fact"). Though this evidence is in the form of a written report and not live testimony, that same reasoning applies here.

Conversely, Defendants have the potential to suffer real and significant prejudice from the admission of the Disability Determination. Introduction of the Disability Determination could cause the jury, despite the questionable utility of the Disability Determination with respect to causation, to inappropriately give weight, based on the fact that the SSA is a government agency, to its conclusions that the knee replacement was a "failure" and that Mrs. Orber's disability was, at least in part, the result of the surgery. See Johnson v. Am. Honda Motor Co., Inc., No. 10-126, 2012 WL 1067103, at *2 (D.Mt. Mar. 28, 2012)(reaching the same conclusion); Weathersby, 378 F. App'x at 465-66 (recognizing potential for jury to give improper weight to EEOC determination instead of making an independent determination). That issue is, in fact, hotly contested in this litigation.

III. Conclusion

Accordingly, for the above reasons, because the Disability Determination is largely cumulative and portions of it are substantially more prejudicial than probative, this Court exercises its discretion to exclude the report under Federal

7

Rule of Evidence 403.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE

Dated: May 2, 2012